```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRIAN CARTER, | : |
| Plaintiff, | : CIVIL ACTION NO. 08-1835 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| K. WARRAICH, et al., | : |
| Defendants. | : |

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application") in this action (1) transferred here by the United States District Court for the Southern District of New York, and (2) brought against the defendants, (a) K. Warraich, who is identified as a police officer, and (b) the Asbury Park Police Department.  (Dkt. entry no. 4, 4-1-08 S.D.N.Y. Order; id., Applic.)  The plaintiff states that (1) his only source of income is "SSI" payments of "$567.00", which the Court assumes he receives monthly, as he does not clarify this on the Application, and (2) he pays $215 each month for rent.  The Court will grant the Application and file the complaint.[1]

---

[1] The plaintiff failed to answer the Application query regarding income from other sources in the past twelve months. (Applic.)  But on an application for in-forma-pauperis relief in another action, the plaintiff (1) asserts that he has received income from no other source in the past twelve months, and (2) provides answers that are otherwise consistent with the Application here.  See Carter v. Estate of Lewis, No. 08-1301 (JAP), dkt. entry no. 4.

**COMPLAINT**

**I.  Law**

The Court may (1) review the complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A frivolous complaint lacks an arguable basis in law or fact, as it contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios".  Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989).

A pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff".  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But a court need not credit a plaintiff's bald assertions or legal conclusions.  Id.

**II.  Claims**

The plaintiff seeks to recover damages pursuant to "State Claims of, inter alia, Assault & Battery, False Imprisonment and Arrest, Abuse of Process, and Malicious Prosecution, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress" (dkt. entry no. 4, Compl., at 2), as well as "stalking and extortion" (id. at 8-9) ("State Claims").  (See id.

at 5-7 (describing State Claims).)  The plaintiff also asserts claims under 42 U.S.C. § ("Section") 1983 against the defendants for (1) a violation of the right of association under the First Amendment and Fourteenth Amendment by prohibiting him from associating with Asbury Park residents ("Free Association Claim") (id. at 7-8), and (2) false arrest, false imprisonment, and malicious prosecution ("Other Federal Claims").  (Id. at 10).[2]

The claims are related to (1) his arrest on January 8, 2008 (id. at 3), and (2) "the filing of perjuries and false and sham criminal charges" against him.  (Id. at 1.)  He asserts that Warraich "falsely filed a sworn criminal information charging [him]" with certain crimes.  (Id. at 4; see id. at 6 ("defendant instituted said criminal justice system actions"); see id. at 8 (defendants "institut[ed] criminal justice system charges based upon false crimes/offenses").)

The plaintiff's description of the progress of the criminal charges is difficult to follow:

> That same charging document has gone through the New Jersey Criminal Court system hand, i.e. (1) the charging police officer; (2) the superior officer, (3) Court Clerk's Office, and noone; not engaged in the identical racism, withdrew the charging information, and in effect, have sanctioned and applauded the "Coon" language it was authored and drafted in.  The plaintiff was required to travel and from the Courthouses within New Jersey upon the above matter . . . .

---

[2]  The plaintiff also asserts a claim to recover damages for conspiracy based on the Other Federal Claims.  (Id. at 11-12.)

(Id. at 4-5 (as stated in original).)  Based on his own description, he appears to have been charged with (1) disorderly conduct, N.J.S.A. § 2C:33-2(a), and (2) resisting arrest, N.J.S.A. § 2C:29-2(a).  (Id. at 4.)  It is unclear whether other charges were issued.

### III. Dismissing Free Association Claim

The Court will dismiss the Free Association Claim, as it merely asserts a generalized right to social association.  See City of Dallas v. Stanglin, 490 U.S. 19, 25 (1989); Roberts v. U.S. Jaycees, 468 U.S. 609, 618-19 (1984).

### IV. Staying Remainder of Action

The Court — pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) — must determine whether a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid", and if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim would be barred until the conviction is overturned.  Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted), cert. denied, 547 U.S. 1035 (2006).  When an indicted plaintiff brings a Section 1983 claim "before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common

practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended". Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007).

If the plaintiff were successful on his Other Federal Claims, then an underlying conviction for disorderly conduct could be rendered invalid. See Fuchs v. Mercer County, No. 06-4473, 2008 WL 110105, at *1-*2 (3d Cir. Jan. 11, 2008) (affirming judgment dismissing Section 1983 claim as barred by Heck, due to disorderly-conduct conviction); Shilling v. Brush, No. 05-871, 2007 WL 210802, at *9 (M.D. Pa. Jan. 22, 2007) (granting part of defendant's motion for summary judgment on malicious prosecution claim, where plaintiff convicted of disorderly conduct); Odom v. Bor. of Taylor, No. 05-341, 2006 WL 3042974, at *11 (M.D. Pa. Oct. 24, 2006) (granting part of defendant's motion for summary judgment on false arrest claim, where plaintiff convicted of disorderly conduct); Loucks v. Jay, No. 04-366, 2006 WL 266105, at *3 (M.D. Pa. Feb. 1, 2006) (granting part of motion to dismiss false arrest and false imprisonment claims, where plaintiff convicted of disorderly conduct).

If the plaintiff were successful on his Other Federal Claims, then an underlying conviction for resisting arrest also could be rendered invalid, as (1) such a conviction requires proof that the accused prevented an officer from effecting a lawful arrest by using or threatening to use physical force

5

against the officer, and (2) the plaintiff "would have to negate an element of [the offense of] resisting arrest, an offense of which he [may be] convicted, in order to prevail on his claim of false arrest or imprisonment". Blacknall v. Citarella, 168 Fed.Appx. 489, 491 (3d Cir. 2006); see Marable v. W. Pottsgove Twp., 176 Fed.Appx. 275, 280-81 (3d Cir. 2006) (stating same); Wright v. Bor. of Buena, No. 05-4782, 2006 WL 1644869, at *2 (D.N.J. June 12, 2006) (stating under Heck, conviction for resisting arrest "bars [plaintiff] from recovering damages under § 1983 for . . . false arrest [and] false imprisonment"); Antoine v. Rucker, No. 03-3738, 2007 WL 1462401, at *1-*6 (D.N.J. May 14, 2007) (applying Heck analysis to charges similar to charges here). Thus, the Court — due to the Other Federal Claims — intends to stay and administratively terminate the remainder of this action pending the disposition of any related criminal matter.

An order administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy. Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); see Wallace, 127 S.Ct. at 1098.

**CONCLUSION**

The Court will (1) grant the Application, (2) direct the Clerk of the Court to file the complaint, (3) dismiss the Free Association Claim for failure to state a claim on which relief may be granted, and (4) stay and administratively terminate the action pending the outcome of the criminal charges brought against the plaintiff.

The plaintiff may choose to waive the Other Federal Claims and pursue the State Claims in New Jersey state court, rather than await the potential revival of the Other Federal Claims. But if he chooses to await the potential revival of the Other Federal Claims and move to reopen, then he must (1) specifically list each criminal charge brought against him related to the incident on January 8, 2008, and (2) state how each charge was resolved, e.g., acquittal, dismissal, conviction, plea, or reduction to lesser charge.  The Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:  April 22, 2008