```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRIAN CARTER, | : |
|     Plaintiff, | :    CIVIL ACTION NO. 08-1835 (MLC) |
| v. | :    **MEMORANDUM OPINION** |
| K. WARRAICH, et al., | : |
|     Defendants. | : |

**THE PLAINTIFF**, who is pro se, brings claims (1) related to (a) his January 8, 2008, arrest, and (b) the resulting state-court criminal charges against him for disorderly conduct and resisting arrest ("Criminal Charges"), and (2) against the defendants, (a) K. Warraich, who is listed as a police officer, and (b) the Asbury Park Police Department. (Dkt. entry no. 1, Compl.; dkt. entry no. 5, 4-23-08 Mem.Op. at 3-4.) The Court construed the claims as seeking to recover damages (1) for a violation of the constitutional right of free association ("Free Association Claim"), (2) pursuant to state law for assault, battery, false imprisonment, false arrest, abuse of process, malicious prosecution, infliction of emotional distress, stalking, and extortion ("State Claims"), and (3) pursuant to 42 U.S.C. § ("Section") 1983 for false arrest, false imprisonment, and malicious prosecution ("Other Federal Claims"). (4-23-08 Mem.Op. at 2-3.) The plaintiff did not contest the Court's interpretation of his claims.

**THE COURT**, in an Order and Judgment entered April 23, 2008, (1) granted the plaintiff relief to proceed in forma pauperis, (2) dismissed with prejudice the Free Association Claim, and (3) stayed the action pending the disposition of the Criminal Charges, but with leave to the plaintiff to either (a) waive the Other Federal Claims and bring the State Claims in state court, or (b) move to reopen when appropriate.  (Dkt. entry no. 6, 4-23-08 Order & J.; see 4-23-08 Mem.Op. at 4-6.)

**THE PLAINTIFF** now advises the Court that (1) as to "the disposition" of the Criminal Charges, he has been "ruled as guilty", and (2) he is "ready to move foward [sic] with the civil part".  (Dkt. entry no. 8, 3-26-09 Pl. Letter.)

**THE COURT** may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  The Court must liberally construe a pro se complaint, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff".  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**IT APPEARS** that the plaintiff has been convicted of the Criminal Charges.  (See 3-26-09 Pl. Letter.)  The Court — pursuant

2

to Heck v. Humphrey, 512 U.S. 477 (1994) — must determine whether a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid", and if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim would be barred until the conviction is overturned. Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted).

**THE PLAINTIFF'S CONVICTION** on the Criminal Charges would be rendered or implied to be invalid if he were successful on the Other Federal Claims, and thus those claims are now barred. See Von Schlichten v. County of Northampton, 279 Fed.Appx. 176, 178-79 (3d Cir. 2008) (affirming judgment dismissing Section 1983 claims as barred by Heck due to disorderly-conduct conviction); Fuchs v. Mercer County, 260 Fed.Appx. 472, 473-75 (3d Cir. 2008) (same); Marable v. W. Pottsgove Twp., 176 Fed.Appx. 275, 279-81 (3d Cir. 2006) (affirming order barring Section 1983 claims for false arrest and malicious prosecution due to resisting-arrest conviction); Blacknall v. Citarella, 168 Fed.Appx. 489, 491 (3d Cir. 2006) (affirming order barring Section 1983 claims for false arrest and false imprisonment due to resisting-arrest conviction); Amaro v. Ellis, No. 08-4779, 2009 WL 499373, at *2-*3 (E.D. Pa. Feb. 26, 2009) (noting Section 1983 claim for malicious prosecution on a certain criminal charge was frivolous under

3

Heck, as plaintiff was convicted of that charge); Cooley v. Dunlavey, No. 07-173, 2008 WL 4200151, at *3-*4 (W.D. Pa. Sept. 8, 2008) (dismissing Section 1983 claims under Heck, including one for false imprisonment, due to plaintiff's underlying criminal conviction); Shilling v. Brush, No. 05-871, 2007 WL 210802, at *9, *13 (M.D. Pa. Jan. 22, 2007) (granting part of defendant's motion for summary judgment on Section 1983 malicious prosecution and false arrest claims where plaintiff was convicted of disorderly conduct); Odom v. Bor. of Taylor, No. 05-341, 2006 WL 3042974, at *11 (M.D. Pa. Oct. 24, 2006) (granting part of defendant's motion for summary judgment on false arrest claim where plaintiff was convicted of disorderly conduct); Wright v. Bor. of Buena, No. 05-4782, 2006 WL 1644869, at *2 (D.N.J. June 12, 2006) (stating resisting-arrest conviction "bars [plaintiff] from recovering damages under § 1983 for . . . false arrest, false imprisonment and malicious prosecution"); Loucks v. Jay, No. 04-366, 2006 WL 266105, at *3 (M.D. Pa. Feb. 1, 2006) (granting part of motion to dismiss Section 1983 false arrest and false imprisonment claims where plaintiff was convicted of disorderly conduct).

    **THE COURT** thus intends to (1) reopen the action, (2) dismiss with prejudice the Other Federal Claims as frivolous and for failing to state a claim on which relief may be granted, and (3) dismiss the State Claims without prejudice to the plaintiff to

recommence the action insofar as it concerns only the State Claims in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint.  See 28 U.S.C. § 1367(d) (concerning state law claims surviving dismissal of federal law claims).[1]  The Court will issue an appropriate Order and Judgment.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  March 30, 2009

---

[1]  The plaintiff may already be proceeding in state court. See Carter v. Warraich, N.J. Super. Ct., Monmouth County, No. 09-424 (commenced on January 26, 2009).